IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

THE FARMERS AUTOMOBILE
INSURANCE ASSOCIATION,

                           Plaintiff,                          ORDER

    v.

                                                     16-cv-831-jdp

CHARLES PATZ and LINDA AVERY-PATZ,

                           Defendants.

---

    Plaintiff The Farmers Automobile Insurance Association brings this civil action under 28 U.S.C. § 1332(a), alleging diversity of citizenship as grounds for the court's subject matter jurisdiction. The allegations in the complaint do not establish complete diversity, but the court will give Farmers Automobile an opportunity to amend its complaint to correct the problem.

    "Federal courts are courts of limited jurisdiction." *Int'l Union of Operating Eng'rs, Local 150, AFL-CIO v. Ward*, 563 F.3d 276, 280 (7th Cir. 2009). And a federal district court has "an independent obligation" to determine whether it has subject matter jurisdiction "even when no party challenges it." *Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010). Unless a complaint adequately alleges subject matter jurisdiction, the court must dismiss the case. *Smart v. Local 702 Int'l Bhd. of Elec. Workers*, 562 F.3d 798, 802 (7th Cir. 2009). The party invoking federal jurisdiction bears the burden of establishing subject matter jurisdiction. *Id.* at 802-03.

    Here, Farmers Automobile contends that the court may exercise subject matter jurisdiction under 28 U.S.C. § 1332. Dkt. 1, ¶ 9. According to Farmers Automobile, it is "an insurance corporation duly authorized and licensed to transact business in the State of

Wisconsin, having its principal place of business at 2505 Court Street, Pekin, Illinois." *Id.* ¶ 1. Defendants are both "resident[s]" of Wisconsin. *Id.* ¶¶ 2-3. Farmers Automobile contends that the court has subject matter jurisdiction because complete diversity exists and "the amount in controversy exceeds $50,000." *Id.* ¶ 9. These allegations pose at least three problems.

First, if Farmers Automobile is a corporation, it is a citizen of two states: the state of its incorporation and the state where it has its principal place of business. *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 691 (7th Cir. 2016). Famers Automobile must allege the state of its incorporation rather than a state where it is "duly authorized and licensed to transact business." Dkt. 1, ¶ 1. If Famers Automobile is incorporated in Wisconsin and defendants are citizens of Wisconsin, then the case lacks complete diversity.[1]

Second, an individual's domicile, not residence, determines his or her citizenship. *See Signicast, LLC v. Fireman's Fund Ins. Co.*, 920 F. Supp. 2d 967, 969 (E.D. Wis. 2013) ("The citizenship of an individual is determined by the individual's domicile, not his or her residence."). Thus, the allegations that both defendants are residents of Wisconsin do not establish diversity jurisdiction.

Third, the amount in controversy must exceed "$75,000," 28 U.S.C. § 1332, not "$50,000." Dkt. 1, ¶ 9.

---

[1] If Farmers Automobile is an unincorporated association, not a corporation, then it must allege the citizenship of each of its members. *See Americold Realty Tr. v. Conagra Foods, Inc.*, 136 S. Ct. 1012, 1015 (2016). There are some exceptions to this rule. *See, e.g., SJ Properties Suites v. Specialty Fin. Group, LLC*, 733 F. Supp. 2d 1021, 1030 (E.D. Wis. 2010) (noting that a national banking association is a citizen of the state in which it has its main office.). But if an exception applies, Farmers Automobile must still make it clear in its complaint that this is the case.

Before dismissing the action for lack of subject matter jurisdiction, the court will give Farmers Automobile 14 days to amend its complaint. But failure to cure the jurisdictional defects in the complaint will result in a prompt dismissal of the action.

ORDER

IT IS ORDERED that:

1. Plaintiff The Farmers Automobile Insurance Association may have until January 5, 2017, to file and serve an amended complaint containing good-faith allegations sufficient to establish complete diversity of citizenship and an amount in controversy for subject matter jurisdiction under 28 U.S.C. § 1332.

2. Failure to timely amend the complaint will result in a prompt dismissal of the action for lack of subject matter jurisdiction.

Entered December 22, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge